# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHO AN, LLC, ET AL.,**<br>**Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-14400**<br>**c/w 16-14733,**<br>**16-15802** |
| **CAPITAL ONE, N.A.,**<br>**Defendant** | **SECTION "E" (1)** |

*Applies to: 16-14400*

## ORDER AND REASONS

On August 2, 2016, Pho An, LLC, Pad Thai, LLC, and Chili Thai, Inc. d/b/a Thai Chili, LLC (the "company Plaintiffs") filed suit in state court against Capital One, N.A. ("Capital One").[1] Capital One removed the matter to this Court on September 1, 2016[2] on the basis of this Court's diversity subject matter jurisdiction under 28 U.S.C. § 1332.[3] To establish the amount in controversy, Defendant cited only to the allegations of the company Plaintiffs' petition.[4]

On September 12, 2017, the company Plaintiffs filed a motion to remand Case No. 16-14400 to the 22nd Judicial District Court for the Parish of St. Tammany.[5] Capital One filed an opposition.[6] The Court finds Defendant has not carried its burden of demonstrating by a preponderance of the evidence that the requisite amount in

---

[1] *Pho An, LLC, et al. v. Capital One, N.A.*, No. 2016-13199F, 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana. R. Doc. 1-5.
[2] No. 16-14400, R. Doc. 1.
[3] *Id.* at 3.
[4] No. 16-14400, R. Doc. 1 at 3.
[5] No. 16-14400, R. Doc. 83.
[6] No. 16-14400, R. Doc. 85.

controversy was met in this case at the time of removal. For the reasons that follow, this action is hereby remanded to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.

## FACTUAL AND PROCEDURAL BACKGROUND

In their state court petition, the company Plaintiffs allege that Capital One "in seizing, alienating and denying access" to their checking accounts "caused damages to each Plaintiff in excess of seventy-five thousand ($75,000.00) dollars."[7] Plaintiffs further allege in their petition that Pho An, LLC; Thai Chili, Inc.; and Pad Thai, LLC suffered $86,756; $78,375; and $79,140 in damages, respectively.[8]

In its notice of removal, Capital One states that the amount in controversy requirement is met on the basis of paragraph three of the state court petition, in which the company Plaintiffs allege the damages to each entity exceeded $75,000, and on the basis of paragraph fifteen in which the company Plaintiffs "set forth . . . a detailed itemization of damages each has allegedly incurred, all of which are in excess of the jurisdictional minimum."[9]

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[10] Federal law allows for state civil suits to be removed to federal courts in certain instances. Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

---

[7] No. 16-14400, R. Doc. 1-5 at ¶ 3.
[8] No. 16-14400, R. Doc. 1-5 at ¶ 15.
[9] No. 16-14400, R. Doc. 1 at 3.
[10] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

> Except as otherwise expressly provided by [an] Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[11]

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[12] When removal is based on federal diversity jurisdiction, the removing party must show that (1) complete diversity of citizenship exists between the parties and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[13] "The jurisdictional facts supporting removal are examined as of the time of removal."[14] "Ambiguities are construed against removal and in favor of remand because removal statutes are to be strictly construed."[15]

## LAW AND ANALYSIS

The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to 1332(a)(1)."[16] Because Louisiana law prohibits state-court plaintiffs from claiming a specific amount of damages,[17] the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00 jurisdictional amount at the time of removal.[18] The removing defendant may meet its

---

[11] 28 U.S.C. § 1441(a).
[12] *See Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[13] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[14] *Poche v. Eagle, Inc.*, No. 15-5436, 2015 WL 7015575, at *2 (E.D. La. Nov. 10, 2015) (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)).
[15] *Poche*, 2015 WL 7015575, at *2 (citing *Manguno*, 276 F.3d at 723).
[16] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)); *see also Manguno,* 276 F.3d at 723.
[17] *See* LA. CODE CIV. PROC. Art. 893.
[18] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett*, 171 F.3d at 298.

burden in one of two ways, either (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000.00 jurisdictional threshold, or (2) by offering "summary-judgment type evidence" of facts in controversy, which support a finding that the requisite amount is in controversy.[19]

When a defendant argues the plaintiff's damages are facially apparent, "the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy was likely to exceed [$75,000]."[20] In its evaluation, this Court "consider[s] both the types of injuries alleged by the plaintiff and the types of damages requested."[21] "A defendant can prove the amount either by showing that it is facially apparent from the nature . . . of the claims that they are likely to be above the requisite amount, or by setting forth the facts which would support a finding of the requisite amount."[22] For example, a defendant may show the amount in controversy is facially apparent by directing the district court to cases in which a plaintiff, under a similar set of facts, was awarded a judgment in excess of $75,000.[23] In any case, removal "cannot be based simply upon conclusory allegations."[24]

In this case, the company Plaintiffs allege that the funds placed on hold were $1,756.61 belonging to Pho An; $3,174.50 belonging to Chili Thai; and $4,640.83

---

[19] *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003); *see also Simon*, 193 F.3d at 850; *Luckett*, 171 F.3d at 298.
[20] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[21] *Corkern v. Outback Steakhouse of FL, Inc.*, No. 05-5487, 2006 WL 285994, *3 (E.D. La. Feb. 6, 2006).
[22] *Robinson v. Delchamps, Inc.*, 1998 WL 352131, *1 (E.D. La. June 30, 1998) (citing *Allen*, 63 F.3d at 1335).
[23] *See, e.g. Hendy v. Meadwestvaco Corp.*, No. , 2009 WL 2135120, at *2 (W.D. La. July 10, 2009) (finding the defendant proved the complaint made the amount in controversy apparent by listing several cases in which plaintiffs with similar allegations of carbon monoxide exposure were awarded damages that exceeded $75,000).
[24] *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003) (quoting *Allen*, 63 F.3d at 1335).

belonging to Pad Thai.[25] The company Plaintiffs then allege, without explanation or support, that the holds placed on the accounts caused them damages in the following amounts:

    Pho An, LLC:
        (a)   Funds seized                          $     1,756.00
        (b)   Loss of business                             35,000.00
        (c)   Continued loss of future business      50,000.00

    Thai Chili, Inc.:
        (a)   Funds seized                          $     3,175.00
        (b)   Loss of business                             25,200.00
        (c)   Continued loss of future business      50,000.00

    Pad Thai, LLC:
        (a)   Funds seized                          $     4,640.00
        (b)   Loss of business                             24,500.00
        (c)   Continued loss of future business      50,000.00[26]

The Defendant allegedly prevented the company Plaintiffs from accessing their bank accounts for twelve days.[27] The company Plaintiffs make no specific allegations as to how long each restaurant was closed or on what they based their "loss of business" and "continued loss of business" allegations. Neither do the allegations explain how, even though the amount of funds placed on hold and the past loss of business totals differed considerably, each company Plaintiffs' "continued loss of future business" is exactly $50,000.[28] The allegations as to damages may only be described as unsubstantiated.

---

[25] No. 16-1440, R. Doc. 1-5 at ¶ 8.
[26] No. 16-14400, R. Doc. 1-5 at 5–6 at ¶ 15 .
[27] No. 16-14400, R. Doc. 1-5 at 4–5 at ¶ 12 .
[28] Although they were not considered in the Court's jurisdictional analysis, the Court notes that each of the company Plaintiffs has filed a binding affidavit, executed by its duly authorized representative, stipulating that it is a legal certainty it will not be able to recover more than $75,000 in Case No. 16-14400 and renouncing any right to recover over that amount. No. 16-14400, R. Docs. 84, 84-1, 84-2.

Defendant appears to argue that, although unsupported, the amounts claimed by the company Plaintiffs should be deemed to be the amount in controversy.[29] It is true that under 28 U.S.C. § 1446(c)(2), if an action is removed on the basis of diversity jurisdiction, the sum demanded in good faith in the state court petition is deemed to be the amount in controversy.[30] Accordingly, "[a]bsent a showing that the assertion was not in good faith or evidence establishing to a legal certainty that the Plaintiffs' claims are really less than the jurisdictional amount, Plaintiffs' own allegation regarding the amount in controversy controls."[31] In this case, however, the court finds that the allegations were not made in good faith and, therefore, "shall [not] be deemed to be the amount in controversy."[32] The Court finds that the amount demanded is not deemed to be the amount in controversy and that the requisite amount is not apparent from the face of the petition. Therefore, Defendant must show the jurisdictional amount in controversy is met by a preponderance of the evidence by offering summary judgment type evidence.[33]

In its notice of removal, Defendant offered only the allegations of the company Plaintiffs' petition to establish the amount in controversy in this case.[34] The Court already has found that the allegations regarding damages were made in bad faith and are not presumed to be the amount in controversy and that the amount in controversy is not apparent from the face of the petition. "Needless to say, unsubstantiated assertions are

---

[29] Defendant also argues that because the company Plaintiffs seek damages for emotional distress, the amount in controversy exceeds $75.000. However, companies such as the company Plaintiffs, cannot suffer emotional distress as a matter of law, and can suffer only economic damages. *See e.g.*, *Walle Corp. v. Rockwell Graphic Sys., Inc.*, No. 90-2163, 1992 WL 245963, *5 (E.D. La. Sept. 21, 1992).
[30] 28 U.S.C. § 1446(c)(2); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[31] *Clark v. Childs*, No. 16-862, 2017 WL 3140793, at *2 (M.D. La. June 16, 2017).
[32] § 1446(c)(2).
[33] *See Clark*, 2017 WL 3140793, at *2.
[34] No. 16-14400, R. Doc. 1 at 3.

not competent summary judgment evidence."[35] Defendant has filed two memoranda in opposition to the motion to remand,[36] but both memoranda point only to Plaintiffs' state court petition, arguing "[i]t is facially apparent from the Company Plaintiffs' Petition that the amount in controversy exceeded $75,000.00."[37]

Although Defendant argues in its opposition to the motion to remand that "The discovery responses, depositions, Plaintiffs' expert report, and pleadings all reflect that the Plaintiffs, up until September 12, 2017, had met the jurisdictional minimum,"[38] Defendant did not attach any of these documents to its oppositions to the motion to remand.[39] The Court finds that Defendant has not met its burden of proving by a preponderance of the evidence that the requisite amount in controversy is met in this case.[40] As a result, the Court finds it is without jurisdiction to hear this matter. Remand is warranted.

## CONCLUSION

Accordingly;

**IT IS ORDERED** that the motion to remand[41] is **GRANTED**. Case No. 16-14400 is remanded to the 22nd Judicial District Court for the Parish of St. Tammany, Louisiana.

**New Orleans, Louisiana, this 25th day of September, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[35] *Grimes v. Tex. Dep't of Mental Health and Mental Retardation*, 102 F.3d 137, 139 (5th Cir.1996).
[36] No. 16-14400, R. Docs. 85, 94.
[37] No. 16-14400, R. Doc. 85 at 2; *see* No. 16-14400, R. Doc. 94 at 13.
[38] No. 16-14400, R. Doc. 85 at 3.
[39] R. Docs. 1, 85 and 94.
[40] *See White*, 319 F.3d at 674.
[41] No. 16-14400, R. Doc. 83.